UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANKLIN MONFISTON,

    Plaintiff,

v.                                              Case No: 2:15-cv-662-FtM-99MRM

HOWARD WETTERER, S.E. PUGH
and FNU BLANKENSHIP,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant Karen Blankenship's Motion to Dismiss Plaintiff's Civil Rights Complaint (Doc. #25) filed on March 6, 2017. Plaintiff Franklin Monfiston filed his Response in Opposition (Doc. #32) on March 30, 2017. The Motion to Dismiss is fully briefed and ripe for the Court's review.

## **BACKGROUND**

Monfiston initiated this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging Defendant Blankenship violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to treat his fractured forearm and dislocated wrist. On July 19, 2015, Monfiston was working in the prison law library when he fell and fractured his

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

right arm and separated his right wrist. (Doc. #1 at 4). Due to the medical emergency Monfiston was allowed to go to the medical center for treatment. Monfiston was originally seen by Nurse S.E. Pugh. Nurse Pugh treated Monfiston with an ace bandage to wrap the arm and Ibuprofan for pain.

Monfiston returned to the medical center the next day and was seen by Nurse Blankenship. Nurse Blankenship diagnosed Monfiston with a fractured right arm and separated wrist. Nurse Blankenship informed Monfiston that it was okay to wear the ace bandage he was given the day before as long as it was loosely wrapped, prescribed 500 milligrams of Naproxen for fourteen days, and ordered x-rays for the arm. (Doc. #1 at 5-6). Monfiston requested a sling and splint for his arm, however, Nurse Blankenship informed him that none were available. (Doc. #1 at 6). Nurse Blankenship had no further contact with Monfiston after treating him on July 20, 2017.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. *Christopher v Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels,

conclusions, and a formulaic recitation of the cause of actions elements. *Bell Atlantic*, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* at 555; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Sinaltrainal v. Coca-Cola Co.*, 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing *Ascroft v. Iqbal*, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. *Sinaltrainal*, 578 F. 3d at 1268 (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. *Sinaltrainal*, 578 F. 3d at 1268 (citing *Iqbal,* 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Simplexgrinnell, L.P. v. Ghiran*, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Brown v. Crawford County, Georgia*, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## **DISCUSSION**

Blankenship now moves the Court to dismiss Monfiston's Complaint because he fails to state a claim against her. Monfiston's Complaint alleges that Blankenship violated

his Eighth Amendment right by subjecting him to cruel and unusual punishment by failing to treat his fractured forearm and dislocated right wrist.

In order to state a claim for a violation under the Eighth Amendment, a plaintiff-prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976); *see also Hudson v. McMillan,* 503 U.S. 1, 9, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992) (opining that a prisoner must demonstrate a "serious" medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care...."). This showing requires a plaintiff to satisfy both an objective and a subjective inquiry. *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir.2003) *(citing Taylor v. Adams,* 221 F.3d 1254, 1257 (11th Cir.2000)). First, a plaintiff must show that he had an "objectively serious medical need." *Id.* "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citations omitted). "The medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.* Second, a plaintiff must establish that a defendant acted with "deliberate indifference" by showing both a: (1) subjective knowledge of a risk of serious harm (i.e., both awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and the actual drawing of the inference); (2) disregard of that risk; and (3) conduct that is more than gross negligence. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir.2005).

For the purposes of this Motion, Blankenship concedes that Monfiston's injury was a serious medical need. However, Blankenship argues that she was not deliberately indifferent to Monfiston's medical needs.

Blankenship's treatment of Monfiston's broken arm did not rise to the level of deliberate indifference. For medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Palazon v. Sec'y for Dep't of Corr.*, 361 F. App'x 88, 89 (11th Cir. 2010) (quoting *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir.1991) (citations omitted). A medical need may be considered serious if a delay in treating it makes it worse. *Danley v. Allen,* 540 F.3d 1298, 1310 (11th Cir.2008). To show deliberate indifference to a serious medical need, a plaintiff must demonstrate that defendants' response to the need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Palazon*, 361 F. App'x at 89 (quoting *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir.2000) (citation and internal quotations omitted).

Blankenship did not delay in treating Monfiston, nor disregard the risk to his arm. Instead, Blankenship prescribed 500 milligrams of Naproxen for fourteen days for his pain, and ordered x-rays for the arm, and instructed him how to use the ace bandage given him the day before. (Doc. #1 at 5-6). Blankenship's treatment was not grossly incompetent, inadequate, so excessive as to shock the conscience or to be intolerable to fundamental fairness. Therefore, her treatment did not rise to the level of deliberate indifference.

While Monfiston avers that he should have been provided a sling and splint to support his arm, he never alleged that he was denied treatment –- he merely disagrees with the treatment he received. A difference of opinion with medical staff about the proper course of treatment does not support a claim for deliberate indifference. *Price v. Cameron*, No. 2:10-CV-578-FTM-99, 2012 WL 3536795, at *6 (M.D. Fla. Aug. 14, 2012); (citing *Palazon v. Sec'y Dep't of Corr.,* 361 F. App'x 88, 89 (11th Cir.2010) (quoting *Adams v. Poaq,* 61 F.3d 1537, 1545 (11th Cir.1995)(whether defendants "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); *Harris,* 941 F.2d at 1505 (a difference of medical opinion between the prison's medical staff and the inmate about the latter's course of treatment will not support a claim of cruel and unusual punishment). It is also noted there were no slings or splints available on the day Monfiston was treated by Blankenship.

In the absence of a sling or splints to support the arm, Blankenship did inform Monfiston how to wear the ace bandage until further support could be provided. There was not a lack of attention or treatment to Monfiston's injury, just a difference of opinion as to the type of treatment provided sling versus ace bandage. Further there were no slings available. Blankenship provided the best care she could with the limited resources she had available. Therefore, Monfiston's claim of deliberate indifference against Blankenship fails to state a claim.

## **CONCLUSION**

Assuming the truth of the factual allegations in the Complaint, Monfiston failed to allege that Blankenship was deliberately indifferent to his serious medical needs.

Blankenship offered care that was timely, appropriate, and her actions did not violate the Eighth Amendment.

Accordingly, it is now

**ORDERED:**

Defendant Karen Blankenship's Motion to Dismiss Plaintiff's Civil Rights Complaint (Doc. #25) is **GRANTED**. The Complaint against Karen Blankenship is hereby **DISMISSED** with prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of November, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Franklin Monfiston
All Parties of Record
SA: FTMP-2

7