UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANKLIN MONFISTON,

    Plaintiff,

v.                                      Case No: 2:15-cv-662-FtM-UA-MRM

HOWARD WETTERER and S.E.
PUGH,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant Dr. Howard Wetterer's Motion to Dismiss Plaintiff's Civil Rights Complaint (Doc. 39, "Motion"). Defendant Dr. Wetterer seeks dismissal of the Complaint pursuant to Fed. R. Ci. P. 12(b)(6). Plaintiff filed a Response in Opposition to the Motion (Doc. 42). For the reasons set forth below, the Court denies Defendant Dr. Wetterer's Motion.

## Background

Plaintiff Frank Monfiston, a prisoner in the custody of the Florida Department of Corrections, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, "Complaint") alleging Eighth Amendment violations stemming from alleged deliberate

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

indifference in failing to treat Plaintiff's serious medical condition while he was confined at Charlotte Correctional Institution. Because Plaintiff is proceeding *pro se*, the Court liberally construes the Complaint as naming Defendant Dr. Wetterer in both his individual and official capacities. Further, for purposes of this Order, the Court accepts as true the following facts set forth in the Complaint.

On July 19, 2015, Monfiston fell when he attempted to step up onto a step stool located in the prison law library and heard a "snap." (Doc. 1, ¶ 1). Monfiston experienced immediate pain and throbbing in his wrist and hand, declared a medical emergency, and went to the medical department. (*Id.*, ¶¶ 2-4). Defendant Nurse S.E. Pugh saw Monfiston and "acknowledged that the right forearm appeared fractured." (*Id.*, ¶¶ 6-9). Defendant Pugh advised Monfiston that she would not call the Chief Health Officer to get authorization to send Plaintiff to an outside hospital to be treated for a possible fracture "because it was a Sunday" and Wexford would not authorize sending him to an outside hospital for a possible fracture. (*Id.*, ¶ 10). Monfiston requested that Pugh splint his wrist and provide him with a sling. (*Id.*, ¶ 11). Pugh advised Monfiston that the medical department did not have a sling or splint and instead provided him with an ace bandage to wrap the arm, an ice pack, and numerous packs of Ibuprofen. (*Id.*, ¶¶ 12-13). The Complaint contains no further allegations as to Defendant Pugh.

The next day, Monfiston returned to the medical department and was seen by Nurse Blankenship,[2] who agreed that the right arm appeared fractured. (*Id.*, ¶ 14, ¶ 17). Nurse Blankenship prescribed 500 milligrams of Naproxen for fourteen days and ordered

---

[2] On November 21, 20017, the Court granted Defendant Blankenship's motion to dismiss the complaint for failure to state a claim (Doc. 35).

an x-ray of his arm. (*Id.*, ¶ 19). Monfiston again requested that Blankenship splint his wrist and provide him with a sling. (*Id.*, ¶ 21). Blakenship told Monfiston that the medical department did not have a sling or splint but ordered x-rays. (*Id.*, ¶¶ 22-23).

An x-ray was taken of Monfiston's right arm on July 21, 2015. (*Id.*, ¶ 24). The "x-ray examiner" asked Monfiston to wait in the hallway because he did not want to send him back to the compound "like that." (*Id.*, ¶ 25). He further told Monfiston "Don't worry we're going to take care of you." (*Id.*). Monfiston saw the x-ray examiner speaking with Defendant Dr. Wetterer and overheard the examiner remark "In my years of experience in the ER" before his voice trailed off. (*Id.*, ¶ 27). After obtaining Monfiston's medical chart, Defendant Dr. Wetterer went into another room. (*Id.*, ¶ 28). After some time, Defendant Dr. Wetterer came out of the room and when Monfiston asked him "what was going on," Defendant Dr. Wetterer replied that Monfiston had a "simple fracture" and "could leave." (*Id.*, ¶ 29). Defendant Dr. Wetterer told Monfiston that he did not have materials for a sling or splint, and told him to ask the nurse for pain medication on his way out. (*Id.*, ¶¶ 29, 31-34). At an unspecified point in time, Monfiston "signed medical papers to see an outside doctor." (*Id.*, ¶ 34). On July 27, 2017, while waiting to be transported to Murdock Medical Center, Defendant Dr. Wetterer told Monfiston that "had he had the material he would have casted the fracture himself." (*Id.*, ¶ 35). After arrival at Murdock Medical Center, Monfiston had another x-ray and was diagnosed with a Galeazzi fracture-dislocation[3] that required surgery. (*Id.*, ¶¶ 36-40). The outside doctor opined "I bet you were in a lot of pain," to which Monfiston agreed. The outside doctor splinted Monfiston's

---

[3] A "Galeazzi fracture-dislocation consists of a fracture of the distal part of the radius with dislocation of distal radioulnar joint." https://radiopaedoa.org.

right arm and "the constant throbbing and pain was tremendously reduced." (*Id.*, ¶¶ 41-43). Monfiston underwent surgery on July 30, 2015, and was transported back to the correctional facility where he was housed in open population and assigned to a top bunk, instead of the infirmary for observation. (*Id.*, ¶ 44, 55-57). The remaining allegations in the Complaint concern Monfiston's treatment after surgery and the failure of "medical" to issue a lower bunk pass. (*Id.*, ¶¶ 66, 68, and 73).

## Standard of Review and Applicable Law

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). In general, a complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests to satisfy the pleading requirements of Fed. R. Civ. P. 8. *Id.* at 555. In addition, the plaintiff's claim must be plausible on its face to overcome a Rule 12(b)(6) motion to dismiss. *Id.* at 556. In particular, the court must be able to draw a reasonable inference from the complaint that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the facts need not be detailed, they must "raise a reasonable expectation that discovery will reveal evidence" in favor of the plaintiff's claim. *Twombly*, 550 U.S. at 556. Overall, labels, conclusions, and a formulaic recitation of the elements of a cause of action are not enough to meet the plausibility standard. *Id.* at 555. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if the alleged claim is not supported by enough factual allegations to raise a reasonable expectation of relief. *Id.*

To state a claim for violating the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prove medical indifference, the plaintiff must demonstrate:

> (1) he had a serious medical need (the objective component); (2) the prison official acted with deliberate indifference to that serious medical need (the subjective component); and (3) the official's wrongful conduct caused the injury. To satisfy the subjective component, the plaintiff must prove the prison official subjectively knew of a risk of serious harm, the official disregarded that risk, and the official's conduct was more than gross negligence.

*Fischer v. Fed. Bureau of Prisons*, 349 F. App'x 372, 374 (11th Cir. 2009) (citing *Goebert v. Lee County,* 510 F.3d 1312, 1326-27 (11th Cir.2007)). Mere inadvertence, negligence, medical malpractice, or a simple difference in medical opinion do not rise to the level of deliberate indifference. See *Estelle,* 429 U.S. at 106; *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir. 1989).

In a delay-of-treatment case, the relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert,* 510 F.3d at 1327. Thus, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *Farrow v. West,* 320 F.3d 1235, 1246 (11th Cir. 2003) (internal quotations and citations omitted). The Eleventh Circuit has opined that "failure to provide prompt attention" to serious medical needs "by delaying necessary medical treatment for nonmedical reasons" shows deliberate indifference. *Sparks v. Ingle*, 724 F. App'x 692, 694 (11th Cir. 2018) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 772-73 (11th Cir. 1988));see also *Harris v. Cowenta County*, 21 F.3d 388, 394 (11th

Cir. 1994)(noting that broken bones and bleeding cuts are serious medical needs that may require attention within hours).

## Analysis

For the purposes of this Motion, Defendant Dr. Wetterer admits that Monfiston's injury constitutes a serious medical need. (Doc. 39, ¶ 12). Consequently, the issue before the Court is whether the Complaint sufficiently alleges that Defendant Dr. Wetterer was deliberately indifferent to Monfiston's medical condition. Defendant Dr. Wetterer erroneously characterizes the Complaint as alleging only an "improper medical malpractice claim," (Doc. 39, ¶ 19). Defendant Dr. Wetterer argues that he cannot be found to have been deliberately indifferent because he "medically evaluated" Monfiston, "sent Plaintiff to a facility where Plaintiff could receive treatment that was impossible to provide by Dr. Wetterer himself due to lack of available materials," and "did not provide him with a sling, splint, or cast for the reason there were none available." (*Id.*, ¶ 17). The Court disagrees. While a prisoner does not have an Eighth Amendment right to any particular type of medical treatment, the prison must provide constitutionally adequate treatment. See *Estelle v. Gamble*, 429 U.S. at 103-106. "The failure to provide diagnostic care and medical treatment known to be necessary [is] deliberate indifference." *H.C. by Hewett v. Jarrard*, 786 F. 2d 1080, 1086 (11th Cir. 1986). It is not clear whether Defendant Dr. Wetterer first learned of Monfiston's broken arm on July 20, the day after the incident, or on July 21, 2015, the day on which the x-rays were taken. Nonetheless, it is clear that Monfiston was not sent for an outside consultation and a splint and sling was not provided for his arm until July 27, 2015—seven days from the date of the incident and six days from the date of the x-ray. At the Rule 12(b)(6) stage, the Court need not speculate as to

the reason for the seven-day delay in sending Monfiston for an outside consultation and providing him with a splint and sling to at least ease his alleged pain and suffering until surgery could be performed.  See *Brown v. Hughes*, 894 F.2d 1533 1538 (11th Cir. 1990) (failure to treat the pain from a broken foot, for even a few hours, was a constitutionally cognizable injury).  Consequently, the Court finds the Complaint alleges sufficient facts to survive Defendant Dr. Wetterer's Motion to Dismiss.

Accordingly, it is now

**ORDERED:**

Defendant Howard Dr. Wetterer's Motion to Dismiss Plaintiff's Civil Rights Complaint (Doc. 39) is **DENIED** and Defendant Dr. Wetterer shall file an answer to the Complaint within **twenty (20) days** of the date on this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of July, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

7