UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANKLIN MONFISTON,

        Plaintiff,

v.                                Case No.:  2:15-cv-662-FtM-38MRM

HOWARD WETTERER and S.E.
PUGH,

        Defendants.

_____/

## OPINION AND ORDER[1]

Before the Court are Defendant Dr. Howard Wetterer's Motion for Clarification (Doc. 74) and Motion to Amend/Supplement (Doc. 75).  He requests oral argument on both motions.  Plaintiff Franklin Monfiston, a *pro se* prisoner, has not responded to either motion, and the time to do so has expired.  After reviewing the motions, record, and applicable law, the Court has enough information to decide both motions without oral argument.  For the reasons below, Defendant's motions are denied.

This Eighth Amendment case started five years ago.  Plaintiff broke his arm while incarcerated and sued Defendant, the prison's chief medical officer, for deliberate indifference to his serious medical needs.  Defendant tried dismissing the Complaint for failure to state a claim but lost.  When the Court denied the motion to dismiss, it recognized that the Complaint did not identify whether Plaintiff sued Defendant in his official or individual capacity.  It thus stated, "[b]ecause Plaintiff is proceeding pro se, the

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Court liberally construes the Complaint as naming Defendant . . . in both his individual and official capacities." (Doc. 43 at 2).

After two years of discovery, which included Plaintiff's deposition, Defendant moved for summary judgment on the individual capacity claim only.  His motion said, "while during the discovery process the Plaintiff frequently made reference to institutional allegations, this motion is solely concerned with the allegation that [Defendant] was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment."  (Doc. 64 at 3).   The Court thus addressed only the individual capacity arguments, granting in part and denying in part the motion.  (Doc. 73).  It ended the decision with the following comment: "[b]ecause [Defendant] did not move for summary judgment on [Plaintiff]'s official capacity claim, it too moves forward to trial." (Doc. 73 at 15).  This comment was not a statement on the merits, but rather a reminder to the parties of the outstanding claim that Defendant elected not to address.

Now concerned about the official capacity claim, Defendant has filed two motions post-summary judgment.  The first is a motion for clarification.  (Doc. 74).  He asks the Court to clarify "which entity it interprets Plaintiff's official capacity as against, such as the State of Florida, Florida Department of Corrections, or any other entity, because the record does not explain that information.  Plaintiff never specifically identified this entity. A review of the record on the issue also does not indicate who specifically the Court interprets these claims as being against." (Doc. 74 at 3).

The second motion came two weeks after the motion for clarification.  This time Defendant seeks relief under Federal Rules of Civil Procedure 59 and 60, asking the Court to amend or supplement its summary judgment decision.  (Doc. 75).  Defendant's

second motion repeats much of the first, except the arguments are slightly more refined. Defendant again asks the Court to clarify its summary judgment order to (1) state Defendant "as an individual is not subject to the official capacity claim, and (2) identify which entity the official capacity claim is against, and dismiss the claim with prejudice as no such entity has been served prior to the statute of limitations running." (Doc. 75 at 3). Because both motions ask for similar relief, the Court will address them together.

Defendant's motions perplex the Court for procedural and substantive reasons. Let's take procedure first. Defendant's motion for clarification cites no legal standard for the Court to apply. That is likely because neither the Federal Rules of Civil Procedure nor the Local Rules contemplate such a motion. At most, Defendant's motion references (in a footnote) an unpublished Middle District of Florida case, in which the court construed a motion for clarification as a motion for reconsideration and applied the legal standard for that type of motion. *See Regions Bank v. Kaplan*, No. 8:12-CV-1837-T-17MAP, 2016 WL 11121389, at *1 (M.D. Fla. Apr. 29, 2016). This procedural shortcoming is likely one reason why Defendant filed the second motion under Rules 59 and 60.

Further word on those rules. Rules 59 and 60 govern motions for reconsideration. Rule 59(e) allows the court to amend or alter its judgment for 28 days. However, Rule 59 has no role in Defendant's motions because the Court has not entered judgment. That leaves Rule 60. It allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, a judgment satisfied or is no longer applicable, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). None of those situations apply here either.

"A motion for reconsideration must show why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.,* 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (internal quotations omitted).  Courts generally recognize three grounds for reconsidering an order: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Id.*  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.,* 149 F.R.D. 235, 235 (M.D. Fla. 1993).  "A court has considerable discretion in deciding whether to grant a motion for reconsideration.  *See Drago v. Jenne,* 453 F.3d 1301, 1305 (11th Cir. 2006).

The legal standard for a motion for reconsideration brings the Court to the first of many substantive problems with Defendant's motions.  First, the motions present no intervening change in controlling law, new evidence, or arguments on correcting clear error or preventing manifest injustice.  And for this reason alone, the motions can be denied.  *See Carter v. Premier Rest. Mgmt.*, No. 2:06-cv-212, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) ("Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.").  Instead, the motions ask the Court to make rulings—under the guise of reconsideration—on new arguments and authority never mentioned before now.  But the arguments are too little too late.  Defendant moved for summary judgment only on the individual capacity claim.  In doing so, he presented no arguments on an official capacity claim for the Court to decide.

Defendant presents no compelling reason for the Court to reconsider or reopen summary judgment to entertain new arguments that he could have raised at summary judgment.[2]

Second, any civil rights claim against an individual in their official capacity is generally interpreted as a claim against the government entity employing him. Defendant acknowledges this principle. (Doc. 74 at 2). Yet he tells the Court "it is unclear who the official capacity entity may be—such as the Florida Department of Corrections, the State of Florida, or any other entity." (Doc. 74 at 3). If Defendant does not know the government entity employing him for an official capacity claim, how should the Court know? The Court is not a party to this suit. It need not flesh out the pro se Plaintiff's claims—that is Defendant's job. The Court did its part in liberally construing the Complaint at the pleading stage—two years ago—to state individual and official capacity claims against Defendant. From there, Defendant had months of discovery to better understand the viability of any official capacity claim and file a motion by the dispositive motion deadline. Defendant's decision not to do so is not grounds for this Court to reconsider its decision. Indeed, Defendant has only himself to blame—not the Court—for his confusion on the official capacity claim.

Third, Defendant tries attacking the Complaint's sufficiency: "Plaintiff has failed to plead—much less factually establish—the elements of an official capacity claim. For example, Plaintiff's Complaint is devoid of allegations or sufficient ultimate facts establishing that a policy or custom played a part in the alleged violation." (Doc. 74 at 4; *see also* Doc. 75 at 6 (making a statute of limitations arguments)). Again, these arguments are long overdue.

---

[2] Defendant brings the second motion in "an abundance of caution." (Doc. 75). But he should have exercised this prudence in addressing any official capacity claim long before now.

Finally, the Court is equally unpersuaded that it will save judicial resources by deciding Defendant's new arguments now or on another round of summary judgment motions.  This case has been pending since 2015, and Defendant has known for at least two years about the official capacity claim.  The Court has closed discovery, decided summary judgment, and entertained two more motions on an official capacity claim that Defendant could have brought up much earlier in litigation.  Defendant simply provides no persuasive reason for the Court to delay this case any further.  This case thus moves forward to trial following the scheduled settlement conference with the United States Magistrate Judge.

Accordingly, it is

**ORDERED:**

1.  Defendant Dr. Howard Wetterer's Motion for Clarification (Doc. 74) is **DENIED**.

2.  Defendant's Motion to Amend/Supplement (Doc. 75) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of June 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record